IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

DONALD A. MILLER,

        Plaintiff,                              No. 4-12-cv-68-CRW

vs.                               JUDICIAL REVIEW DECISION

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

Plaintiff Donald A. Miller alleges he is disabled. He seeks disability insurance benefits under Title II of the Social Security Act. The ALJ found plaintiff has the following severe impairments: a mental impairment variously diagnosed to include schizophrenia, paranoid type, probable single episode, in partial remission; dysthymic disorder; methamphetamine abuse, by history; personality disorder, not otherwise specified; and rule out anxiety disorder, not otherwise specified. The ALJ concluded plaintiff is capable of performing his past relevant work as a cook helper and a kitchen helper.

The court held a judicial review hearing by telephone conference call on October 15, 2012.

Plaintiff contends plaintiff is presumptively disabled under Listing 12.05 (c) for mild mental retardation. One of the "paragraph c" criteria is a valid verbal, performance, or full scale IQ of 60 through 70. Plaintiff contends the ALJ failed to develop the record concerning plaintiff's intellectual functioning, relying for support on a report of Robert A. Straight, Ph.D. that was not part of the record before the ALJ and that was dated after the ALJ's decision. The

ALJ found plaintiff did not satisfy his burden to prove his IQ met the requirement.  The ALJ based her conclusion on the report of Eva Christiansen, Ph.D., who examined plaintiff for 2 3/4 hours and opined that he may have underperformed on his IQ test since she found him oriented and perceptive and since he had held a job for over thirty years and had a driver's license.

The ALJ's analysis is sound.  This court has taken into account that in the record which clearly detracts from the weight of the evidence supporting the ALJ decision, as well as that supporting the ALJ decision.  See Pierce v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987).  On balance, substantial evidence in this record as a whole supports the ALJ's findings and the conclusion that plaintiff is not under a disability, as defined in the Act.

The court affirms the ALJ's decision denying plaintiff disability insurance benefits under Title II of the Social Security Act.

IT IS SO ORDERED.

Dated this 23rd day of October, 2012.

_____
CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT